IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRANSCO INTERNATIONAL, INC. § <br>     Plaintiff, § <br> § <br> V. § <br> §   CIVIL ACTION _____ <br> ZURICH AMERICAN INSURANCE § <br> COMPANY, MARYLAND CASUALTY § <br> COMPANY, EAGLE ADJUSTING § <br> SERVICES, LOUIS SANDOS, § <br>     Defendant. § | |

### Defendants' Notice of Removal

Pursuant to 28 U.S.C. §§ 1441 and 1446, Zurich American Insurance Company ("Zurich American"), Maryland Casualty Company ("Maryland"), and Eagle Adjusting Services, Inc. ("Eagle"), defendants in Cause No. 2010-58022 pending in the 127th Judicial District Court of Harris County, Texas, file this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, respectfully showing the following.

### I.
### Factual Background

1.1   On or about September 10, 2010, a plaintiff designated as "TRANSCO INTERNATIONAL, INC.," filed its Plaintiff's Original Petition in *Transco International, Inc. v. Zurich American Insurance Company, Maryland Casualty Company, Eagle Adjusting Services, and Louis Sandos*, Cause No. 2010-58022 pending in the 127th Judicial District Court of Harris County, Texas, alleging that

plaintiff's property suffered damages as a result of Hurricane Ike for which plaintiff sought damages from defendants.

1.2   On or about February 2, 2011, a plaintiff designated as "JATO, LP D/B/A HOUSTON INTERNATIONAL, INC.," filed its Plaintiff's First Amended Original Petition in the same case, i.e., in the referenced Cause No. 2010-58022. This amended pleading makes no mention of "TRANSCO INTERNATIONAL, INC.," but otherwise makes the same allegations as Plaintiff's Original Petition.[1]

1.3   Defendants Zurich American, Maryland, and Eagle were served with process and accompanying Plaintiff's Original Petition on February 1, 2011.

1.4   Defendant Louis Sandos has not yet been served with process.

1.5   Attached hereto are copies of the following:

- **Exhibit A:**   The state court's Docket Sheet (certified copy);
- **Exhibit B:**   Citation served on Zurich American;
- **Exhibit C:**   Citation served on Maryland;
- **Exhibit D:**   Citation served on Eagle;
- **Exhibit E:**   Plaintiff's Original Petition;
- **Exhibit F:**   Plaintiff's First Amended Original Petition;
- **Exhibit G:**   Defendant Zurich American Insurance Company's Original Answer;
- **Exhibit H:**   Defendant Maryland Casualty Company's Original Answer;

---

[1]   The style of Plaintiff's First Amended Original Petition shows plaintiff as "JATO, LP D/B/A HOUSTON INTERNATIONAL, INC."  This Notice of Removal reflects the style of the case as originally filed, i.e., with "TRANSCO INTERNATIONAL, INC." shown as plaintiff.

- **Exhibit I:** Defendant Eagle Adjusting Services, Inc.'s Original Answer;

- **Exhibit J:** List of counsel in the case; and

- **Exhibit K:** Excerpts from the policy at issue, policy number PPS 43284307 issued by Maryland Casualty Company, not Zurich American.[2]

## II.
## Basis For Removal

2.1   Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.   Plaintiff and Defendants Are Diverse**

2.2   Plaintiff, whether it be "TRANSCO INTERNATIONAL, INC." or "JATO, LP D/B/A HOUSTON INTERNATIONAL, INC.," is, and was at the time this lawsuit was filed, a Texas corporation with its principle place of business in the State of Texas.[3]

2.3   Defendants are citizens of states other than Texas:

- Zurich American was (and at the date of this Notice, remains) incorporated under the laws of the State of New York with its principal place of business in the State of Illinois;

- Maryland was (and at the date of this Notice, remains) incorporated under the laws of the State of Maryland with its principal place of business in the State of Illinois;

---

[2]   The complete policy is about 100 pages long. For that reason, only excerpts showing the issuing company, the insureds, policy number, and policy limits are included in **Exhibit K**.

[3]   The applicable Maryland policy number PPS 43284307 lists "TRANSCO INTERNATIONAL INC." as "NAMED INSURED" and "JATO LP" as "OTHER NAMED INSURED." See **Exhibit K** at pages 1.1.1 and 1.2.1.

- Eagle was (and at the date of this Notice, remains) incorporated under the laws of the State of Indiana with its principle place of business in the same state; and

- Defendant Louis Santos, who, again, has not been served with process, was (and at the date of this Notice, remains) a resident of Florida.

Thus, complete diversity of citizenship exists between plaintiff and defendants.

**B.    The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

2.4    In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  *See also Ray v. State Farm Lloyds,* No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); and *Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.5     Plaintiff's claims are centered on Maryland's alleged failure to pay the sufficient proceeds of plaintiff's policy necessary to make repairs to plaintiff's property.  The policy has a limit of $2,261,000 for "SCHEDULED BUILDINGS" and $327,800 for SCHEDULED PERSONAL PROPERTY."  *See* **Exhibit K** at page 2.2.1.  In addition, plaintiff alleges that defendants are liable under various causes of action for actual damages, statutory penalties, treble damages, punitive and exemplary damages, and attorney's fees.  *See* Plaintiff's Original Petition at pages 10 – 18; Plaintiff's First Amended Original Petition at pages 10 – 18.  This evidence demonstrates that the amount in controversy exceeds the jurisdictional requirements.

### III.
### The Removal is Procedurally Correct

3.1     Zurich American, Maryland, and Eagle were first served with Plaintiff's Original Petition and process on February 1, 2011, and they file this notice of removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

3.2     Defendant Louis Sandos' consent to this removal is not required because he has not been served with process.  *See McCrary v. Kansas City Southern R.R.*, 121 F.Supp.2d 566, 570 (E.D. Tex. 2000) ("Simply put, a defendant who has not been properly served need not consent to the notice of removal.").  Also, the consent of a fraudulently-joined defendant such as Mr. Sandos is not required.  *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

3.3   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to plaintiff's claims allegedly occurred in this District and Division.

3.4   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5   Pursuant to 28 U.S.C. §1446(d), promptly after these defendants file this Notice, written notice of the filing will be given to plaintiff, the adverse party.

3.6   Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County District Court, promptly after these defendants file this Notice.

## IV.
## Conclusion

4.1   Based upon the foregoing, the exhibits submitted in support of this removal and other documents filed contemporaneously with this Notice and fully incorporated herein by reference, defendants Zurich American Insurance Company, Maryland Casualty Company, and Eagle Adjusting Services, Inc., hereby remove this case to this court for trial and determination.

[Signature of counsel and certificate of service appear on the following two pages.]

Respectfully submitted,

  /s/ George H. Arnold
George H. Arnold
Southern District Bar No. 15948
State Bar No. 00783559
Direct Dial:  (713) 403-8388
E-Mail:  garnold@thompsoncoe.com
One Riverway, Suite 1600
Houston, Texas  77056
Telephone:   (713) 403-8210
Facsimile:    (713) 403-8299

and

Robert O. Lamb
Southern District Bar No. 00095
State Bar No. 11838000
Direct Dial:  (214) 871-8202
E-Mail:  rlamb@thompsoncoe.com
Plaza of the Americas—North Tower
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas  75201
Telephone:   (214) 871-8200
Facsimile:    (214) 871-8209

**Counsel for Defendants Zurich American Insurance Company, Maryland Casualty Company, and Eagle Adjusting Services, Inc.**

OF COUNSEL:

Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1600
Houston, Texas  77056
Telephone:   (713) 403-8210
Facsimile:    (713) 403-8299

and

Plaza of the Americas—North Tower
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas  75201
Telephone:   (214) 871-8200
Telecopy:    (214) 871-8209

## Certificate Of Service

I hereby certify that on the 1st day of March 2011, a true and correct copy of the foregoing pleading was forwarded by certified mail, return receipt requested, to the following counsel:

Mr. W. Mark Lanier
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas  77069

Mr. Michael A. Moriarty
Moriarty Law Firm
404 Heights Boulevard
Houston, Texas  77007-2520

    /s/ Robert O. Lamb
    Robert O. Lamb

1596823.2

**Defendants' Notice of Removal** – Page 8